IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **KRISTI COTHRAN,**<br><br>Plaintiff,<br><br>-against-<br><br>**PALMETTO STATE RECOVERY, LLC,**<br><br>Defendant. | Civil Case Number:<br><br>**CIVIL ACTION<br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff KRISTI COTHRAN, a South Carolina resident, brings this Complaint by and through the undersigned attorneys against Defendant PALMETTO STATE RECOVERY, LLC.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendant breached the peace and illegally repossessed her vehicle, thereby blatantly violating South Carolina law and illegally converting her vehicle. Plaintiff also brings a claim against Defendant for illegally repossessing her vehicle in violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking the return of her illegally seized vehicle, statutory damages, actual damages and punitive damages, as well as attorneys fees and costs.

1

## PARTIES

5. Plaintiff KRISTI COTHRAN is a natural person and a resident of Ware Shoals, South Carolina and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant PALMETTO STATE RECOVERY, LLC, (hereinafter referred to as "Palmetto State Recovery"), is a repossession company, with its principal place of business in Ware Shoals, South Carolina.

7. Upon information and belief, Defendant Palmetto State Recovery is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. Defendant Palmetto State Recovery is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

9. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

10. The Plaintiff owns a 2011 Dodge Charger.

11. At some point, the Plaintiff took out a title loan from TitleMax secured by her vehicle.

12. The Plaintiff obtained and used the loan proceeds from TitleMax for her own personal use and not for any business purposes.

13. At some point prior to July 2, 2024, the Plaintiff then fell behind on her payments on the TitleMax loan.

14. The money owed under the TitleMax loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

15. As a result, TitleMax contracted with Defendant Palmetto State Recovery to repossess the Plaintiff's vehicle.

16. On or about July 2, 2024, the Plaintiff was sleeping in her vehicle, which was lawfully

parked outside of her boyfriend's house.

17. At around 4:00 a.m., the Plaintiff felt her car jump and start to lift.

18. Confused and terrified, Plaintiff started honking the horn of her vehicle to alert those outside of the vehicle that it was currently occupied.

19. Before Plaintiff could exit the vehicle to confront the driver of the repossession truck (hereinafter referred to as "Defendant's repo agent"), Defendant's repo agent had already hooked and lifted the Plaintiff's occupied vehicle to the tow truck.

20. It is inherently dangerous and reckless to attempt to repossess, hook, lift or tow an occupied vehicle, particularly when the occupants are not expecting such a sudden movement of their vehicle, as such actions can cause damage to the vehicle and injury to the occupants.

21. The Defendant's repo agent knew that he could not safely and legally lift and repossess an occupied vehicle and that doing so could cause injury or damage, but did so anyway.

22. The Defendant's repo agent approached the Plaintiff's window, informing her that he was there to repossess her vehicle.

23. The Plaintiff objected to the attempted repossession, explaining that Defendant's repo agent could not repossess the vehicle while it was occupied.

24. Defendant's repo agent then asked the Plaintiff to remove herself from the vehicle.

25. The Plaintiff refused to get out of the suspended vehicle.

26. Once again, Plaintiff objected to the repossession, explaining that Defendant's repo agent could not lawfully repossess the vehicle, but Defendant's repo agent did not care.

27. Frustrated and seemingly without options, Plaintiff called her boyfriend, who was sleeping inside of his home, for help.

28. The Plaintiff's boyfriend then arrived and instructed the Defendant's repo agent to lower

the Plaintiff's car, leave his private property, and that he could not repossess the vehicle.

29. Defendant's repo agent then threatened to call law enforcement.

30. Intimidated and worried she might get in trouble if law enforcement were involved, the Plaintiff objected to the repossession once more before removing herself from the vehicle.

31. Despite the Defendant not having any right to possession of the vehicle, and despite Plaintiff actively protesting the repossession, the Defendant's repo agent refused to stop with the repossession and continued to repossess the vehicle, while using the threats of law enforcement to do so.

32. To this date, the Defendant has failed to return the Plaintiff's vehicle, along with the possessions contained therein and – upon information and belief – then sold that vehicle.

33. As a result of the Defendant's illegal actions, the Plaintiff wasted countless hours on the phone trying to get her vehicle back and has been deprived of her vehicle and possessions.

34. Plaintiff further suffered anger, annoyance, frustration, embarrassment and emotional distress as a result of the Defendant's illegal actions.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

35. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

37. Section 1692f(6) of the FDCPA prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)     there is no present right to possession of the property claimed as

    collateral through an enforceable security interest; or

  (B)  the property is exempt by law from such dispossession or disablement.

38. Under S.C. Code Ann. § 36–9–609, a secured party may take possession of collateral after default, without judicial process, **only** if the repossession proceeds without a breach of the peace.

39. At the time of the repossession and disablement, the Plaintiff was clearly and actively protesting the repossession while inside the vehicle, preventing the Defendant from towing the vehicle without resorting to a breach of the peace.

40. As a result, the Defendant did not have the present right to possession of the Plaintiff's vehicle when they attempted to repossess it, and was prohibited from repossessing it.

41. Moreover, after committing their breach of the peace during their attempts to repossess the Plaintiff's vehicle, Plaintiff's vehicle was also clearly exempt from repossession.

42. As a result, the Defendant violated 15 USC § 1692f(6) when they repossessed the Plaintiff's vehicle on July 2, 2024.

43. By attempting to illegally repossess the Plaintiff's vehicle in violation of the FDCPA – and by subsequently illegally repossessing the vehicle - Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving the Plaintiff of the use of her vehicle and the possessions contained therein, and by subjecting the Plaintiff to unfair and unconscionable means to collect a debt.

44. Defendant's illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, wasted time, emotional distress, frustration and embarrassment.

45. By reason thereof, Defendant Palmetto State Recovery is liable to the Plaintiff for judgment that Defendant's conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

### UNLAWFUL REPOSSESSION
### S.C. Code Ann. § 36-9-601 *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. South Carolina only permits self-help repossession of consumer motor vehicles when such repossession can be recovered without breach of the peace, and only where the lender has an enforceable security interest. S.C. Code Ann. § 36-9-601, S.C. Code Ann. § 36-9-609, S.C. Code Ann. § 36-9-610.

48. At the time of the repossession, the Defendant breached the peace when they repossessed the Plaintiff's vehicle by failing to stop the repossession in the face of Plaintiff's unequivocal protests, by threatening the use of armed law enforcement and by recklessly hooking and lifting that vehicle when that vehicle was occupied.

49. Furthermore, the Defendant then seized the vehicle anyway and held that vehicle for a period, even after they were alerted that they had no right to take the vehicle.

50. As a direct and proximate result of the Defendant's illegal repossession, Plaintiff suffered damages, including the loss of use of the vehicle and the possessions contained therein, the loss of the right to pre repossession judicial process, damage to the vehicle, as well as mental and emotional harm including frustration and embarrassment.

51. By illegally repossessing the Plaintiff's vehicle in violation of the UCC, Defendant harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in

violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, and in subjecting Plaintiff to unfair and unconscionable means to collect a debt.

52. Defendant's illegal activity also harmed the Plaintiff by causing her to suffer anger, anxiety, emotional distress, frustration and embarrassment, by causing her to waste time and effort in trying to regain possession of the vehicle and by depriving her of the use of her vehicle and the possessions contained therein.

## COUNT III

### CONVERSION

53. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. As set forth above, the Defendant wrongfully repossessed the Plaintiff's vehicle at a time that the Plaintiff was instead entitled to the present use of her own vehicle and the possessions contained therein.

55. The Defendant then held Plaintiff's vehicle for a period of time, and continue to hold onto that vehicle and the possessions contained therein, thereby exercising control over the Plaintiff's property.

56. Defendant's conversion of Plaintiff's vehicle harmed Plaintiff, by literally stealing and holding her vehicle and the possessions contained therein. Defendant further harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in depriving her of the use of her vehicle and the possessions contained therein, in causing Plaintiff to waste countless hours in trying to

recover her vehicle, and by subjecting her to unfair and unconscionable means to collect a debt.

57. Defendant's illegal activity also harmed the Plaintiff by causing her to suffer monetary damages, damage to her vehicle, anger, anxiety, emotional distress, frustration and embarrassment.

58. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant wrongfully converted the Plaintiff's vehicle and personal possessions, actual damages, punitive damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

- (a) awarding Plaintiff her actual damages incurred, as well as punitive damages;
- (b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;
- (c) awarding the Plaintiff the return of her vehicle and the possessions contained therein;
- (c) Awarding pre-judgment interest and post-judgment interest; and
- (f) Awarding Plaintiff such other and further relief as this Court

may deem just and proper.

Dated: May 13, 2025

/s/ Spencer Andrew Syrett
Spencer Andrew Syrett, Esq.
Federal Bar ID # 4408
712 Richland Street, Suite E
Columbia, SC 29201
Tel: (803) 765-2110
Email: syrettlaw@sc.rr.com
*Local Counsel for Plaintiffs*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
yzelman@marcuszelman.com
*Pro Hac Vice To Be Filed*
*Attorneys for Plaintiffs*